FORREST MORGAN and SHEILA MORGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morgan v. Commissioner
Docket No. 7388-72
United States Tax Court
T.C. Memo 1975-58; 1975 Tax Ct. Memo LEXIS 312; 34 T.C.M. (CCH) 328; T.C.M. (RIA) 750058; March 17, 1975, Filed *312 Henry Gelles, for the petitioners. John O. Tannenbaum, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION
GOFFE, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax against petitioners: Taxable
Deficiency
Additions to Tax Year
in Tax
Sec. 6653(a)
Sec. 6651(a)
1967
$3,946.47
$218.44
$ 986.62
1968
2,932.20
174.22
733.05
1969
3,045.65
152.28
1970
3,597.15
179.86 The deficiencies result from the Commissioner's determination that petitioners failed to report all of the gross receipts received by them and is based upon increases in net worth plus personal living expenses. FINDING OF FACT Petitioners resided at Saranac Lake, New York, when they filed their petition. OPINION
On February 27, 1975, this case was called for trial before the Court in Bridgeport, Connecticut. Petitioners were represented by counsel. Counsel for petitioners declined to stipulate facts proposed by counsel for respondent on the grounds that he would, in effect, be conceding the case. Instead, counsel for petitioners argued that respondent was not entitled to determine *313 petitioners' income by use of the net worth method and requested that he be permitted to file a brief to make such an argument. In his statutory notice of deficiency, the Commissioner determined petitioners' income for each of the years involved by taxing as income unexplained increases in net worth plus expenditures for personal living expenses. The fraud penalty was not asserted and the statute of limitations was not alleged as a defense. Respondent moved to dismiss the case under Rule 149(b) of the Court's Rules of Practice and Procedure. He argued that in his answer he denied the allegations of error and allegations of fact contained in support of the allegations of error in the petition; that the burden of proof was on petitioners under Rule 142(a) of the Court's Rules of Practice and Procedure; and that because petitioners offered no proof, the case should be dismissed. Petitioners produced no evidence to support the facts they alleged in the petition. The burden of proof was on petitioners. The Commissioner is entitled to reconstruct the net income of a taxpayer if the taxpayer's books and records are inadequate to reflect income. To show that the Commissioner is not entitled *314 to utilize an indirect method of computing net income such as the net worth method, the taxpayer must show that the books and records correctly reflected income. . In the instant case, petitioners did not even offer proof that they maintained books and records from which their net income was computed. Obviously, petitioners' argument is without merit because there are no facts in the record upon which to base an argument. Respondent's motion to dismiss is, therefore, granted. Decision will be entered for the respondent.